# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Svetlana Gorodetsky | Amazon.com, Inc.<br>Amazon Web Services, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Seattle, WA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq.; 42 U.S.C. § 2000e, et seq.

Brief description of cause:
Plaintiff was discriminated against because of her age and sex.

## VII.  REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   2/28/2025

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Svetlana Gorodetsky | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Amazon.com, Inc., et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

| | | |
|---|---|---|
| 2/28/2025 | *[signature]* | Plaintiff, Svetlana Gorodetsky |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __Philadelphia, PA_____

---

***RELATED CASE IF ANY:***   Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?            Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

    ***A.***  *Federal Question Cases:*                                     ***B.***  *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts      ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA                                                ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury                             ☐ 3. Assault, Defamation
☐ 4. Antitrust                                            ☐ 4. Marine Personal Injury
☐ 5. Wage and Hour Class Action/Collective Action      ☐ 5. Motor Vehicle Personal Injury
☐ 6. Patent                                           ☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Copyright/Trademark                             ☐ 7. Products Liability
☐ 8. Employment                                   ☐ 8. All Other Diversity Cases: (*Please specify*)_____
☐ 9. Labor-Management Relations                    _____
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. (*Please specify*):_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

_____     :
                                   :
**SVETLANA GORODETSKY**            :
**Philadelphia, PA 19116**         :     **CIVIL ACTION NO.**
                                   :
                    **Plaintiff,** :
                                   :
           **v.**                  :
                                   :
**AMAZON.COM, INC.**               :
**410 Terry Avenue North**         :
**Seattle, WA 98109-5210**         :     **JURY TRIAL DEMANDED**
                                   :
**and**                            :
                                   :
**AMAZON WEB SERVICES, INC.**      :
**410 Terry Avenue North**         :
**Seattle, WA 98109-5210**         :
                                   :
                                   :
                  **Defendants.**  :
_____     :

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Svetlana Gorodetsky, brings this action against her former employers,

Amazon.com, Inc. and Amazon Web Services, Inc. (together "Defendants").  Defendants

terminated fifty-two (52) year old, female Plaintiff while retaining her younger, male

colleagues who also held her position, including one who had recently been promoted

into the position.  Defendants' discriminatory conduct towards Plaintiff violated the Age

Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the

Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA") and,

the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO").

II.    <u>**PARTIES**</u>

1.      Plaintiff, Svetlana Gorodetsky, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Philadelphia, PA 19116.

2.      Plaintiff was born in August 1970.  She was fifty two (52) years old at the time that Defendants terminated her employment in June 2023.

3.      Plaintiff is female.

4.      Defendant, Amazon.com, Inc., is a Delaware corporation with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

5.      Defendant, Amazon Web Services, Inc., is a Delaware corporation with a principal place of business at 410 Terry Avenue North, Seattle, WA 98109-5210.

6.      Plaintiff was paid by Defendant Amazon Web Services, Inc.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendants employed more than twenty (20) employees.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants

within the meaning of the statutes which form the basis of this matter.

     12.    Plaintiff was based out of her home in Philadelphia, PA 19116.

## III.    <u>JURISDICTION AND VENUE</u>

     13.    The causes of action which form the basis of this matter arise under Title VII, the ADEA, the PHRA, and the PFPO

     14.    The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

     15.    The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

     16.    The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

     17.    The District Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. § 1367.

     18.    Venue is proper in the District Court under 28 U.S.C. §1391(b).

     19.    On or about July 17, 2023, Plaintiff filed a Charge of Discrimination with the Philadelphia Commission on Human Relations ("PCHR"), complaining of acts of discrimination alleged hereto.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge (with personal identifying information redacted).

20.    On or about December 10, 2024, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for her PCHR Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

21.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

22.    Plaintiff started working at Defendants on or about June 29, 2020.

23.    During Plaintiff's employment, she held the position of Global Account Manager.

24.    As of in or about early April 2023, Plaintiff reported to Josh Larivee (male), Global Account Leader, Life Sciences.  Larivee reported to Deepak Nair (male), Director, Healthcare and Life Sciences.  Nair reported to Daniel Sheeran (male), General Manager, Healthcare and Life Sciences.

25.    During Plaintiff's employment, she primarily managed Defendants' Novartis account.

26.    At all times material hereto, Plaintiff demonstrated excellent performance throughout her employment with Defendants.

27.    On or about April 26, 2023, Defendants notified Plaintiff that her position was being eliminated and that she was being terminated effective June 26, 2023.

28.    Defendants did not provide to Plaintiff the selection criteria that they used to determine that Plaintiff would be terminated.

29.    Plaintiff was the only Global Account Manager who reported directly to

Larivee and who worked on the Novartis account who was terminated.

30.     Defendants retained the two (2) male employees who also worked on the Novartis account and reported to Larivee.

31.     Upon Plaintiff's information and belief, the male employees working on the Novartis account and reporting to Larivee who were retained were both younger than she is.

32.     Upon Plaintiff's information and belief, the male employees working on the Novartis account and reporting to Larivee who were retained both had less tenure than she did.

33.     Upon Plaintiff's information and belief, one of the male employees working on the Novartis account and reporting to Larivee was promoted into a Global Account Manager in around late 2022.

34.     Upon Plaintiff's information and belief, Defendants assigned her job duties and responsibilities to the male employees working on the Novartis account and reporting to Larivee.

35.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

36.     Defendants' asserted reason for terminating Plaintiff's employment was pretextual.

37.     According to Defendants' disclosures pursuant to the Older Workers' Benefit Protection Act that they provided Plaintiff in connection with her termination, ten (10) employees in Sheeran's group, including Plaintiff, were terminated around that time as part of a Reduction-in-Force.

38.     Out of the ten (10) employees who were terminated, only one (1) was under the age of forty (40).

39.     Out of the ten (10) employees who were terminated, six (6) were over the age of fifty (50).

40.     Plaintiff's sex was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating her employment.

41.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating her employment.

42.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## **COUNT I - Title VII**

43.     Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

45.     Said violations were done with malice and/or reckless indifference.

46.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys'

fees and costs.

47.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

48.    No previous application has been made for the relief requested herein.

## COUNT II - ADEA

49.    Plaintiff incorporates herein by reference paragraphs 1 through 48 above, as if set forth herein in their entirety.

50.    By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

51.    Said violations were willful and warrant the imposition of liquidated damages.

52.    As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

53.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

54.    No previous application has been made for the relief requested herein.

## COUNT III – PHRA

55.    Plaintiff incorporates herein by reference paragraphs 1 through 54 above, as if set forth herein in their entirety.

56.    Defendants, by the above improper and discriminatory acts, have violated

the PHRA.

57.    Said violations were intentional and willful.

58.    As a direct and proximate result of Defendants' violation of the

PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has

incurred attorneys' fees and costs.

59.    Plaintiff is now suffering and will continue to suffer irreparable injuries

and monetary damages as a result of Defendant's discriminatory acts unless and until the

Court grants the relief requested herein.

60.    No previous application has been made for the relief requested herein.

## **COUNT IV – PFPO**

61.    Plaintiff incorporates herein by reference paragraphs 1 through 60 above,

as if set forth herein in their entirety.

62.    Defendants, by the above improper and discriminatory acts, have violated

the PFPO.

63.    Said violations were intentional and willful.

64.    As a direct and proximate result of Defendants' violation of the PFPO,

Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred

attorney's fees and costs.

65.    Plaintiff is now suffering and will continue to suffer irreparable injuries

and monetary damages as a result of Defendants' discriminatory acts unless and until the

Court grants the relief requested herein.

66.    No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    declaring the acts and practices complained of herein to be in violation of the PFPO;

(e)    enjoining and permanently restraining the violations alleged herein;

(f)    entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g)    awarding liquidated damages to Plaintiff under the ADEA;

(h)    awarding punitive damages to Plaintiff under Title VII and the PFPO;

(i)    awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(j)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(k)      awarding Plaintiff such other damages as are appropriate under the Title VII, the ADEA, the PHRA, and the PFPO;

(l)      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(m)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW**

Dated:    02/28/2025          BY:    _Caren Gurmankin_
                                           Caren N. Gurmankin, Esq.
                                           1525 Locust St., 9th Floor
                                           Philadelphia, PA 19102
                                           (215) 545-7676

                                           Attorney for Plaintiff,
                                           Svetlana Gorodetsky

# Exhibit "1"

CITY OF PHILADELPHIA
PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## COMPLAINT

COMPLAINANT:

**SVETLANA GORODETSKY**

v.

RESPONDENTS:

**AMAZON WEB SERVICES INC.**

and

**AMAZON.COM, INC.**

*PCHR* Docket No. *2023-07-18- 15313*
*EEOC Docket No. 17G-2024-00001*

1. The Complainant herein is:

   Name:          Svetlana Gorodetsky

   Address:       ██████████████
                  Philadelphia, PA 19116

2. The Respondents herein are:

   Name:          Amazon Web Services Inc.; Amazon.com, Inc.

   Address:       202 Westlake Avenue North
                  Seattle, WA 98109

3. I, Svetlana Gorodetsky, the Complainant herein, allege that I was subjected to unlawful

   discrimination because of my age (52), my sex (female), and/or the combination of my age and

   sex ("age/sex") as set forth below.

**Discrimination**

A. **I specifically allege:**

[1]    I was hired by Respondents on or about June 29, 2020.

[2]    My birth date is August ▇, 1970.

[3]    I worked out of my home office in Philadelphia, Pennsylvania.

[4]    I consistently performed my job duties in a highly competent manner, and received positive feedback.

[5]    I last held the position of Global Account Manager.

[6]    I last reported to Josh Larivee (male, 45[1]), Global Account Leader. Larivee reported to Deepak Nair (male, 45), Director, Healthcare and Life Sciences. Nair reported to Daniel Sheeran (male, 55), General Manager, Healthcare and Life Sciences.

[7]    Respondents have an underrepresentation of female employees, especially in high level positions.

[8]    On or about April 1, 2023, I began reporting to Larivee.

[9]    Larivee had no role in my being hired at Respondents.

[10]    I was the only female employee directly reporting to Larivee who was assigned to the Novartis account.

[11]    I was the oldest employee directly reporting to Larivee who was assigned to the Novartis account.

[12]    On April 26, 2023, in an email from Beth Galetti (female, 54), Senior Vice President, People Experience and Technology, Respondents terminated my employment, effective June 26, 2023. The stated reason for my termination was position elimination. That

---

[1] All ages herein are approximations.

reason was false, as evidenced by the fact that there were other Global Account Manager positions that remained.

[13]    On April 27, 2023, in a meeting with Larivee and Prudence Pitter (female, 50), Human Resources Business Partner, I was again told that my employment would be terminated effective June 26, 2023.

[14]    Respondents offered no explanation, including the selection criteria, as to why I was terminated and the younger and/or male employees were retained.

[15]    Respondents terminated my employment because of my age and/or sex and/or age/sex.

[16]    At the time of my termination notice, the following employees, who were assigned to the Novartis account, were directly reporting to Larivee. I was as if not more qualified to perform each of these employee's positions.

    a.    Venkat Swaminathan (male, 35), Global Account Manager;

    b.    Kalyan Govindarajan (male, 45), Global Account Manager;

    c.    Svetlana Gorodetsky (female, 52), Global Account Manager.

[17]    Respondents retained each of the other employees who was assigned to the Novartis account, except me, who were directly reporting to Larivee—each of whom was substantially younger and male.

[18]    I was the only employee reporting to Larivee who was assigned to the Novartis account who was notified of termination on April 26, 2023.

[19]    According to Respondents' OWBPA list, I was the only "Principal Sales, Global Tech 67" employee, out of ten (10) "Principal Sales, Global Tech 67" employees, who was terminated.

[20]     Respondents retained male and/or younger employees in positions for which I was more qualified.

[21]     Respondents assigned my job duties to substantially younger and/or male employees, including Venkat Swaminathan (male, 35), Global Account Manager, and Kalyan Govindarajan (male, 45), Global Account Manager.  I was more qualified to perform my job duties, with more service time at Respondents, than the substantially younger and/or male employees, including Swaminathan and Govindarajan, to whom Respondents assigned my job duties.

[22]     I had no disciplinary or performance issues throughout my employment.

[23]     Respondents' conduct evidences a bias against older and/or female employees.

[24]     Respondents' age, sex, and age/sex discrimination against me has caused me emotional distress.

B.  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (52), my sex (female), and/or the combination of my age and sex ("age/sex") in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

__X__    Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.*

("PFPO"), Section __9-1103__.

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

__X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondents be required to:

   (a) Make the Complainant whole.

   (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

   (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

   (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

   (e) Provide such further relief as the Commission deems necessary and appropriate.

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

7/14/2023
(Date Signed)

(Signature)     Svetlana Gorodetsky

Philadelphia, PA 19116

# Exhibit "2"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Svetlana Gorodetsky

█████████

Philadelphia, PA 19116

**Re:**   Svetlana Gorodetsky v. Amazon Web Services, Inc. and Amazon.com, Inc.
EEOC Charge Number:  17G-2024-00001

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination:  EEOC has accorded substantial weight to the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  12/10/2024
Karen McDonough
Deputy District Director

cc:     For Respondent                              For Charging Party

Klair Fitzpatrick, Esq.                      Emily R. Derstine Friesen, Esq.
Morgan Lewis & Bockius, LLP                  Console Mattiacci Law
2222 Market Street                           1525 Locust Street, 9th Floor
Philadelphia, PA 19103                       Philadelphia, PA 19102